# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION



| | |
|---|---|
| JENNIFER BLAINE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV605-49 |
| ) | [Underlying CR604-14] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant has filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her federal prison sentence. For the reasons set forth below, movant's petition should be DENIED.

## I. BACKGROUND

On May 14, 2004, movant was indicted by the federal grand jury on three counts of drug distribution.[1] Movant entered a negotiated guilty plea

---

[1] Movant was charged with three counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1): approximately 57 grams in count 1, approximately 18 grams in count 2, and approximately 59 grams in count 4. Count 3 was directed at a co-defendant.

to count 2, where she stipulated to the distribution of not less than 18 grams of crack cocaine. The government agreed to dismiss counts 1 and 4. Following her guilty plea, the probation officer prepared a Presentence Investigation Report ("PSI") where he recommended movant be held accountable for 134.6 grams of crack cocaine.[2] This quantity of drugs placed movant's base offense level under the sentencing guidelines at 32. There were no adjustments or enhancements to the base offense level.

Due to a prior conviction for affray, movant received one criminal history point. She received two additional criminal history points for committing her drug offense while on probation. Therefore, movant was placed in category II for criminal history. The applicable sentencing guideline range for movant, at a base offense level of 32 and criminal history category II, was 135 to 168 months' imprisonment.

Movant objected to several portions of the PSI, including the use of relevant conduct to compute her drug quantity accountability, the denial of a reduction based on acceptance of responsibility, and the failure to

---

[2]The drug quantities charged in the indictment totals 134.0 grams of crack cocaine. The extra 0.6 attributed to movant is negligible because she fell within a sentencing guideline range applicable to drug offenses involving between 50 and 150 grams of crack cocaine. See U.S.S.G. § 2D1.1(4).

characterize her role as that of a minor participant. At the sentencing hearing, the Court examined each of her objections. The Court agreed with the PSI's drug quantity recommendation. The Court found the denial of a reduction for acceptance of responsibility appropriate because movant tested positive for cocaine while on pretrial release. The Court declined to reduce movant's sentence as a minor participant because she was not a minor actor.

Movant also objected to the PSI on the basis of her criminal history category, noting that had she been able to pay the complete $300.00 fine assessed with her conviction for affray, she would not have been on probation when the instant offense was committed. While noting the government's position was likely correct on this point, the Court agreed to recalculate movant's criminal history category. Sent. Tr. 17-18. This recalculation put her in category I, with an adjusted sentencing guideline range of 121-151 months' imprisonment. The Court stated that it would sentence her at the low end of this range because it believed her testimony that her codefendant actually supplied the drugs involved.

On December 15, 2004, the Court sentenced movant to 121 months'

imprisonment, five years' supervised release, and a $100 special assessment. Movant did not appeal her conviction and sentence, though she was advised of these rights at the sentencing hearing. Movant is currently incarcerated at the Federal Correctional Institute in Tallahassee, Florida.

On June 7, 2005, movant timely filed this § 2255 motion. In her petition, movant raises the following claims for relief:

(1) her sentence was improper under <u>Blakely v. Washington</u> because the Court considered relevant conduct from all three counts, not just the drug quantity of count 2, to which she pled guilty;

(2) the Court erred in failing to utilize the "safety valve" provision of U.S.S.G. § 5C1.2; and

(3) the Court erred in failing to grant movant a reduction for being a minor participant and lending substantial assistance to the government.

Respondent filed an answer on August 29, 2005.

## II. ANALYSIS

### A. Collateral Attack on Sentencing Guidelines

A challenge to the technical application of the sentencing guidelines

raises a non-constitutional issue that is simply not cognizable on collateral review under 28 U.S.C. § 2255. Burke v. United States, 152 F.3d 1329, 1331-32 (11th Cir. 1998); United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996); Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995). See United States v. Frady, 456 U.S. 152, 165 (1982) (a collateral attack on a conviction "may not do service for an appeal"); Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'") (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotes omitted)). Thus, movant's claimed errors regarding the technical application of the sentencing guidelines, even if potentially meritorious on direct appeal, are not subject to review under § 2255. Lynn, 365 F.3d at 1232. But even if movant's guidelines claims are cognizable on collateral review, they are barred from consideration for the following reasons.

## B. Procedural Default

Under the procedural default doctrine, an available challenge to a

federal conviction or sentence must be advanced on direct appeal or else the defendant is procedurally barred from presenting that claim in a § 2255 proceeding. Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994); see Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (because a defendant has a right to a direct appeal of his guidelines sentence, guidelines sentencing issues may not be raised in a § 2255 motion). Where a defendant fails to assert an available[3] claim on direct appeal, it will not be considered on collateral review unless defendant establishes one of the two exceptions to the procedural default rule. Lynn, 365 F.3d at 1234; Mills, 36 F.3d at 1055. To avoid procedural default, a defendant must either (1) show cause for not raising the claim of error on direct appeal and actual prejudice resulting from the alleged error; Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990), or in the absence of a showing of cause, (2) demonstrate that a fundamental miscarriage of justice has probably resulted in the conviction

---

[3]Certain claims are not available on direct appeal because the merits cannot be reviewed at the appellate level without further factual development. Mills v. United States, 36 F.3d at 1055. For example, a claim of ineffective assistance of counsel generally cannot be heard on direct appeal because there is insufficient evidence of record to resolve the issue without a hearing. Id. (citing United States v. Arango, 853 F.2d 818, 823 (11th Cir. 1988)).

of one who is actually innocent. Lynn, 365 F.3d at 1234; Mills, 36 F.3d at 1055.

In this case, none of the claims movant asserts in her § 2255 motion was raised on direct appeal, although each of those claims was available had plaintiff elected to pursue an appeal. Because movant has not shown cause for the default and actual prejudice resulting from the errors she alleges, and because there is no contention that movant is actually innocent of the crime to which she pled guilty, movant is procedurally barred from asserting her claims in a § 2255 proceeding.

### C. Movant's Claims Lack Merit

Even assuming that movant's claims are not procedurally defaulted and are otherwise a proper subject for collateral review, those claims are without merit.

#### 1. Blakely Challenge

Movant seeks to attack her sentence by relying on the recent Supreme Court decision in Blakely v. Washington, 542 U.S. 296 (2004). The Blakely decision was applied to the federal sentencing guidelines in United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). Though movant does not cite

Booker, the Court must construe her challenge as one falling under Booker, as that case applies to the federal sentencing guidelines under which movant was sentenced.

Booker was decided on January 12, 2005, and the Eleventh Circuit has held that the holding does not apply retroactively to cases on collateral review involving convictions that became final prior to the Booker decision. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Movant's conviction became final prior to the Booker decision.[4] Therefore, her challenge to her conviction using Blakely, or Booker, is not cognizable.[5] Movant's claim on this ground should be DENIED.

### 2. Sentencing Guideline Safety Valve

Movant next asserts that the Court erred in failing to reduce her

---

[4] Judgment against movant was entered December 16, 2004; as she did not appeal, her judgment became final on December 30, 2004. Fed. R. App. P. 4(b)(1)(A)(I); 28 U.S.C. § 2255.

[5] Even if Booker applied retroactively such that movant could assert a challenge on that ground, that challenge would fail. Prior to the Booker decision, "'a stipulation to a specific drug quantity – whether as part of a written plea agreement, part of a jury trial, or at sentencing – serve[s] as the equivalent of a jury finding on that issue, since the stipulation takes the issue away from the jury.' Booker did not change that rule." United States v. Giovanardi, 140 Fed. Appx. 200, 202 (11th Cir. 2005) (quoting United States v. Sanchez, 269 F.3d 1250, 1271 (11th Cir. 2001)). Movant stipulated to the drug quantities relied upon by the Court at sentencing. Therefore, Booker would afford her no relief.

sentence using the safety valve found in the sentencing guidelines for non-violent first time offenders. The safety valve is available for defendants who have no more than one criminal history point and operates to relieve the Court of adherence to statutory minimum sentences. U.S.S.G. § 5C1.2(a). The relevant inquiry for a sentencing judge is the defendant's criminal history points prior to any downward departure pursuant to U.S.S.G. § 4A1.3. See United States v. Orozco, 121 F.3d 628, 629-30 (11th Cir. 1997) (district court did not apply safety valve when defendant had three criminal history points reduced to one pursuant to § 4A1.3).

Movant was given three criminal history points, one for a prior conviction for affray and two for committing the instant offense while on probation. The Court reduced her criminal history points to one pursuant to § 4A1.3.[6] However, it is her original three criminal history points that are relevant in determining whether the safety valve of § 5C1.2 may apply. Despite her ultimate sentencing being based on one criminal history point,

---

[6]While the Court did not explicitly say that the downward departure was taken pursuant to § 4A.1.3 in the sentencing hearing, the Court did order a recalculation based on ignoring the two criminal history points assigned because movant committed the instant offenses while on probation. This type of departure is the kind allowed for by § 4A.1.3(b). The Court also noted this section as the basis for its downward departure in movant's judgment.

her actual criminal history level did not allow the Court to consider the safety valve. Therefore, movant's claim regarding a failure to utilize the safety valve should be DENIED.

### 3. Failure to Reduce Movant's Sentence

#### (a). Minor Participant

Movant argues that the Court erred in failing to reduce her sentence because she was a minor participant in the drug offenses, qualifying her for the two level reduction for a minor role in the offense under U.S.S.G. § 3B1.2(b).[7] The Eleventh Circuit reviews the sentencing judge's finding regarding the defendant's role in the offense for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 938 (11th Cir. 1999) (en banc). The district court conducts a two-pronged analysis of the defendant's role in the offense: first, the court must assess the defendant's relative role in the relevant conduct for which she is held accountable; and second, the court must assess the defendant's role relative to other participants in the relevant conduct. Id. at 940-47.

Movant has not shown that the district judge's decision to refuse her

---

[7]Movant claims she was a minor participant because she did not own the drugs sold and only admitted to being a middleman.

a minor participant reduction was in error. At sentencing, counsel for movant argued that movant was entitled to such a reduction. However, the probation officer opposed a reduction, noting that movant was the "player" in all of the drug offenses with which she was charged. With respect to the relevant conduct (prong 1 from above), the Court specifically found that "[s]he was not a minor actor." Sent. Tr. p. 19. While movant was not the actual source of the drugs, which were supplied by her co-defendant, she delivered the drugs to the undercover agent and the confidential source in the three transactions that formed the bases for the three counts against her in the indictment. Thus, under prong 2, the Court also found that movant was not a minor actor. Therefore, movant's claim on this ground should be DENIED.

### (b). Lending Assistance to Government

Movant claims the Court erred in failing to grant her a reduction for acceptance of responsibility because she lent "substantial assistance" to the government. Testing positive for drug usage while on pretrial release has been repeatedly upheld in the Eleventh Circuit as a valid basis for denying a sentencing reduction for acceptance of responsibility. See, e.g., United

States v. Matthews, 168 F.3d 1234, 1250 (11th Cir. 1999) (court properly considered defendant's marijuana use pending trial in denying acceptance of responsibility departure); United States v. Gonsalves, 121 F.3d 1416, 1420-21 (11th Cir. 1997) (defendant tested positive for marijuana and was properly denied acceptance of responsibility reduction); United States v. Davis, 878 F.2d 1299, 1300-01 (11th Cir. 1989) (drug use while out on bond mitigated against acceptance of responsibility reduction). Movant tested positive for cocaine while she was out of jail on bond prior to her sentencing hearing. The Court considered this fact in denying her a reduction for acceptance of responsibility. Therefore, movant's claim on this ground should be DENIED.

## III. CONCLUSION

Based upon the foregoing, the Court recommends that the instant § 2255 motion be DENIED.

**SO REPORTED AND RECOMMENDED** this _21st_ day of **September, 2005.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA